BRADLEY v. BELL.

1. SERVICE OF TRIAL JUSTICE'S SUMMONS—APPEARANCE.—Where one defendant in proceedings against trespassers was served at 9 p. m., and the copy for the other defendant left with the defendant served, who handed it afterwards to the other defendant, and both appeared by counsel and answered, the trial justice had jurisdiction in the case. .

2. EJECTING TRESPASSERS—AGENT OF OWNER.—Proceedings for the ejection of trespassers may be instituted by the agent and manager of the owner.

Before KERSHAW, J., Sumter, March, 1890.

This was a proceeding instituted by Mehaza R. Bradley and Stephen B. Bradley, her agent, against John E. D. Bell and Paul E. Bell, to have the respondents ejected from a farm claimed by the relators. At the hearing before the trial justice, counsel for defendants made a motion to dismiss this case against Paul Bell, claiming that he was not served with the notice herein until 9 o'clock at night, and against the other defendant, John Bell, because the service of the notice upon him by his brother Paul Bell, being one of the defendants herein, was not sufficient service. The court overruled this motion, "because, first,

it was agreed between counsel for the plaintiffs and the counsel for the defendants that this case should be continued from Wednesday last, the day appointed for trial, and that it should be taken up to-day; second, because Paul Bell has sworn that he served the defendant, John Bell, with copies of the notice and affidavit more than five days previous to this 25th of January; and third, because both defendants appear here to day; and no good reason, in the opinion of the court, is urged for a continuance of the case: I rule that the trial must go on." Other matters are stated in the opinion of the court. Counsel for appellant did not argue his second and fourth exception.

*Mr. M. C. Galluchat*, for appellant.

*Mr. E. W. Moise*, contra.

March 19, 1891. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. It seems that this was a proceeding before trial justice A. B. Stuckey, Esq., of Sumter County, under the act of 1883 "to provide for an expeditious mode of ejecting trespassers," 18 Stat., 556. "The trial justice reported that the defendants appeared in court personally and were represented by counsel; that it appeared that they had taken possession of the premises in dispute after the tenant for the plaintiffs for 1889 had left, and before their tenant for 1890 had moved in. They showed no justification for such entry. When called upon to show the color of title under which they claimed, they produced a deed from Durant, sheriff, to Steven Worrell. I held the showing insufficient and ordered their eviction."

From this order the defendants appealed upon the following grounds: "I. That the trial judge erred in adjudging the defendants to be trespassers. II. That the trial justice erred in ruling that the plaintiff, Stephen B. Bradley, was authorized to act in this proceeding as the agent of Mahaza R. Bradley, and that he is entitled to possession of the premises in dispute. III. That the trial justice erred in ruling that Mrs. Harriet Stephens, who resides on the premises, is not a necessary party to these proceedings," &c.

The appeal was heard by his honor, Judge J. B. Kershaw, who dismissed the same, and announced his judgment in the following order: "On hearing the return of the trial justice and argument of counsel on both sides, it is ordered, that the decree of the trial justice, in ordering the eviction of the defendants, be confirmed and made the judgment of this court. The sheriff will execute the said order of eviction," &c.

From this judgment the defendants appeal to this court upon the grounds: "I. That the trial justice was without jurisdiction. II. That his honor erred in affirming the judgment of the trial justice, wherein he adjudged in effect the defendants to be trespassers. III. That his honor, the Circuit Judge, erred in sustaining the trial justice's judgment, wherein he found in effect that the plaintiff, Stephen B. Bradley, was authorized to act in this proceeding, and that he (Bradley) is entitled to possession of the disputed premises. IV. That his honor erred in sustaining the trial justice in decreeing that Mrs. Harriet Stephens was not a necessary party to these proceedings," &c.

It appears in the "Case" that Stephen B. Bradley was the son of Mrs. Mahaza R. Bradley, and, as her agent, rented and managed these lands of her's, certainly ever since the late war. It seems that he cleared the land for his mother, and rented it and worked it for her for more than twenty years.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.